## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**Benny L. Smith,** *et al.,*

        **Plaintiffs,**

                                **Case No. 2:19-cv-3547**

      **v.**                             **Judge Michael H. Watson**

**Liberty Mortgage**                      **Magistrate Judge Jolson**
**Company, Inc.,** *et al.,*

        **Defendants.**

## <u>OPINION AND ORDER</u>

This matter is before the Court on Defendants Ocwen Loan Servicing, LLC and Government National Mortgage Association's Joint Motion to Dismiss Complaint, ECF No. 22, and Defendant Mortgage Electronic Registration System's Motion to Dismiss, ECF No. 31.  Plaintiffs Benny and Della Smith have responded in opposition to the first Motion to Dismiss but have not opposed the latter.  The Motions are now ripe for review.  For the following reasons, Defendants' Motions to Dismiss are **GRANTED**.

### I.    BACKGROUND

On April 28, 2006, Plaintiffs Benny L. Smith and Della R. Smith executed a Promissory Note in the amount of $134,437.00 (the "Note"), with Liberty Mortgage Company, Inc. (hereinafter, "Liberty"), ECF No. 1-2,  to purchase the property located at 2237 Trent Road, Columbus, OH 43229.  To secure the Note,

Defendants also executed a Mortgage on the Trent Road property, which was also held by Liberty and recorded with the Franklin County Recorder's Office as Instrument No. 200605090088646.  (The Note and Mortgage are collectively referred to as the "Loan").  The Loan was subsequently transferred to Mortgage Electronic Registration Systems, Inc. (hereinafter, "MERS"), and then to GMAC Mortgage, LLC (hereinafter, "GMAC"), and finally to Ocwen Loan Servicing, LLC. (hereinafter, "Ocwen").  ECF No. 22-2, Referenced Assignments.  Plaintiffs were to make monthly payments beginning June 1, 2006, for thirty years or until paid in full.  However, Plaintiffs defaulted on their Loan obligations.

In 2009, Plaintiffs filed for Chapter 13 bankruptcy protection in the United States District Court for the Southern District of Ohio, Case No. 2:09-bk-63104. ECF Nos. 22-3 and 22-4, Bankruptcy Petition and Discharge Order.  The Loan was listed in the Voluntary Petition.  Plaintiffs were discharged on December 28, 2012, having brought their Loan current through their Chapter 13 bankruptcy plan.  ECF No. 22-5, Order on Motion to Deem Mortgage Current.

Plaintiffs again defaulted on their Loan.  On October 15, 2014, Plaintiffs entered into a Home Affordable Modification Agreement with Ocwen (the "Loan Modification Agreement").  ECF No. 22-6.  The Loan Modification Agreement was recorded with the Franklin County Recorder's Office on March 3, 2015, as Instrument No. 201503030026519.

Plaintiffs again defaulted on their Loan.  After being notified of the default and given the opportunity to cure the default, Ocwen commenced foreclosure proceedings in the Franklin County Court of Common Pleas on August 10, 2018 (the "Foreclosure Action").  On September 11, 2018, Plaintiffs removed that case to this Court.  *See* Case No. 2:18-cv-1035, *Ocwen Loan Servicing, LLC v. Benny Smith, et al.*.

On August 15, 2019, Plaintiffs initiated this action against Defendants[1] Liberty Mortgage Company, Inc., GMAC Mortgage, LLC, John Doe 1, Government National Mortgage Association a/k/a Ginnie Mae, Ocwen Loan Serving, LLC, Does 1–100, UBS Securities LLC, and Mortgage Electronic Registration Services, Inc. asserting fourteen causes of action that essentially challenge the transfers and assignment of the Note and Mortgage and collaterally attack the Foreclosure Action.

## II.   STANDARD OF REVIEW

Defendants move to dismiss Plaintiffs' Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal when the court lacks subject matter jurisdiction.  Without subject matter jurisdiction, a federal court lacks authority to hear a case.  *Thornton v. Southwest Detroit Hosp.,* 895 F.2d 1131, 1133 (6th Cir. 1990).  Motions to dismiss for lack of

---

[1]  Not all the Defendants have been served in this case.

subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir. 1994). A facial attack under Rule 12(b)(1) "questions merely the sufficiency of the pleading," and the trial court therefore takes the allegations of the complaint as true. *Wayside Church v. Van Buren Cty.*, 847 F.3d 812, 816 (6th Cir. 2017) (quoting *Ohio Nat'l Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir. 1990)). To survive a facial attack, the complaint must contain a short and plain statement of the grounds for jurisdiction. *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016).

A factual attack is a challenge to the factual existence of subject matter jurisdiction. No presumptive truthfulness applies to the factual allegations. *Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015). When examining a factual attack under Rule 12(b)(1), "the court can actually weigh evidence to confirm the existence of the factual predicates for subject-matter jurisdiction." *Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015) (quoting *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012)). The plaintiff has the burden of establishing jurisdiction in order to survive the motion to dismiss. *DLX, Inc. v. Kentucky,* 381 F.3d 511, 516 (6th Cir. 2004); *Moir v. Greater Cleveland Reg'l Transit Auth.,* 895 F.2d 266, 269 (6th Cir. 1990).

Federal Rule of Civil Procedure 12(b)(6), on the other hand, provides for dismissal when a plaintiff fails to state a claim upon which relief can be granted. Any pleading that states a claim for relief must contain a "short and plain statement of the claim" showing that the pleader is entitled to such relief.  Fed. R. Civ. P. 8(a)(2).  To meet this standard, a party must allege sufficient facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).  A claim will be considered "plausible on its face" when a plaintiff sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In considering whether a complaint fails to state a claim upon which relief can be granted, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)).  However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663.  Thus, while a court is to afford plaintiff every inference, the pleading must still contain facts sufficient to "provide a plausible basis for the claims in the complaint"; a recitation of facts intimating the

"mere possibility of misconduct" will not suffice.  *Flex Homes, Inc. v. Ritz-Craft Corp of Mich., Inc.*, 491 F. App'x 628, 632 (6th Cir. 2012); *Iqbal*, 556 U.S. at 679.

## III.    DISCUSSION

Defendants Ocwen, Ginnie Mae, and MERS have all moved to dismiss Plaintiffs' claims against them.  The remaining named Defendants in this case have not been served; however, Plaintiffs' claims against them are encompassed in the claims against the moving Defendants and therefore will be considered. *See Berryman v. Sampson*, No. 1:10-cv-12169, 2011 U.S. Dist. LEXIS 146888 *27 (E.D. Mich. 2011) (a court dismissing a plaintiff's claims against moving defendants may sua sponte dismiss non-moving defendants as well where it is clear that the same ruling would inevitably apply to each of the defendants).

Plaintiffs assert claims for unjust enrichment, violations of the Fair Credit Extension Uniformity Act ("FCEAU"), violations of the Fair Debt Collection Practices Act ("FDCPA"), lack of standing/wrongful foreclosure, quiet title, slander of title, fraud in the concealment, fraud in the inducement, unconscionable contract, breach of contract, rescission, intentional and negligent infliction of emotional distress, violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and injunctive relief.  Defendants move to dismiss arguing that Plaintiffs' claims generally fail to state a claim and are barred by judicial estoppel, lack of standing, and the statute of limitations.  The Court considers these arguments in turn.

A. **Judicial Estoppel**

Defendants assert that the following claims brought by Plaintiffs should have been raised in their bankruptcy action and are now barred by judicial estoppel: unjust enrichment against Liberty; violations of the FDCPA against Liberty and Ginnie Mae; quiet title and slander of title based on the recording of the Mortgage and subsequent assignments thereof; fraud in the concealment and fraud in the inducement based on the alleged 2006 securitization of their Loan; unconscionable contract against Liberty for the origination of the Loan; breach of contract against Liberty and MERS based on the 2006 Assignment of Mortgage; rescission of the 2006 Loan based on alleged violations of the Truth in Lending Act ("TILA"); intentional and negligent infliction of emotional distress resulting from the conduct of Liberty in the alleged transfer of the Loan to the Ginnie Mae Remic Trust 2006-023; and RICO violations based on all of the above because the factual basis for each claim existed at the time Plaintiffs filed for bankruptcy protection in 2009. Mot. to Dismiss 6, ECF No. 22.

Judicial estoppel "bars later assertion in a later suit of claims that are inconsistent with claims by that party in an earlier suit." *Harris-Gordon v. Mortg. Elecs. Registration Sys.*, No. 3:09CV02700, 2010 LEXIS 106010, *8 (N.D. Ohio Oct. 4, 2010) (citing *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001)).

Plaintiffs have not offered any argument in opposition to Defendants' motions to dismiss the aforementioned claims other than to assert that

"[a]ttempts to raise [sic] which are barred by judicial estoppel fails when it comes to fraud."  Opp. 1, ECF No. 25.

The Court agrees with Defendants that Plaintiffs knew, or should have known, of each of the aforementioned claims regarding their Loan, yet their bankruptcy schedule failed to list those claims.  Accordingly, those claims are now barred by judicial estoppel.

**B.    Statute of Limitations**

Defendants argue that Plaintiffs' slander of title and rescission claims are barred by the statute of limitations.

**1.    Slander of Title**

In Count 6, Plaintiffs generally assert that "[t]he act of recording the purported LIBERTY MORTGAGE COMPANY INC. Assignment of Deed of Trust into the Official Records of the Franklin County Recorder's Office is a communication to a third party of false statement derogatory to Plaintiffs' title made with malice causing special damages to the Plaintiffs' claim of title." Compl. ¶ 99, ECF No. 1.  Defendants argue that Plaintiffs' slander of title claim regarding the Liberty assignment of mortgage expired one year after that assignment.

A claim for slander of title must be brought within one year from the date of publication.  *See* Ohio Rev. Code § 2305.11(A); *Metzler v. Fifth Third Bank*, 10th

Dist. Franklin No. 16AP-638, 2017-Ohio-7088, ¶ 14.  The cause of action for slander of title accrues at the time the public notice was filed.  *Id.*

Here, Liberty's assignment of mortgage—which Plaintiffs allege was a false statement and constitutes slander of title—was recorded on July 5, 2006. ECF No. 22-2.  Therefore, any claim for slander of title arising from the recording of that assignment of mortgage should have been filed on or before July 5, 2007. Plaintiffs' claims for slander of title brought over twelve years later is therefore barred by the statute of limitations and is hereby dismissed.

### 2.    Rescission or Damages under TILA

In Count 11, Plaintiffs seek to rescind the Loan based on Defendants' alleged TILA violations for failing to provide disclosures as fraudulent concealment, fraudulent inducement, failure to comply with the Loan's Pooling and Servicing Agreement ("PSA"), and illegal or fraudulent transfer of the Note and Mortgage, as well as public policy grounds.  Plaintiffs generally allege that certain initial disclosures were not provided to them and therefore they have the right to rescind the Loan.  Compl.  ¶¶ 131–32, ECF No. 1.  Defendants argue that Plaintiffs' recession claim must be dismissed because it is barred by the applicable statute of limitations.

 Generally, a party has three days to rescind a loan transaction under TILA.  *Stallman v. Countrywide Home Loans, Inc.*, No. 1:10 CV 1006, 2011 U.S. Dist. LEXIS 9516, at *4 (N.D. Ohio 2011).  If the proper disclosures were not

provided, the right to rescind is extended and "shall expire three years after the date of consummation of the transaction or upon sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor." *Id.* (quoting 15 U.S.C. § 1635(f)).

For a rescission claim under TILA, "[t]he statute of limitations begins to run on the date of the alleged violation, which occurs when a creditor fails to make TILA's required disclosures prior to the consummation of the transaction." *Girgis v. Countrywide Home Loans, Inc.*, 733 F.Supp.2d 835, 844 (N.D. Ohio 2010) (citing 15 U.S.C. § 1640). In other words, the statute of limitations begins to run "when the lender and borrower contract for the extension of credit." *Gates v. Ohio Savings Bank Ass'n*, No. 1:06 CV 678, 2007 U.S. Dist. LEXIS 68509, at *3 (N.D. Ohio 2007). Similarly, a damages claim under TILA is subject to a one-year statute of limitations. *Thielen v. GMAC Mortg. Corp.,* 671 F. Supp. 2d 947, 953 (E.D. Mich. 2009). Like a claim for rescission, a claim for damages under TILA begins to accrue when the loan closing occurs. *Id.*

Dismissal of a TILA claim is warranted when it appears on the face of the complaint to be time-barred. *See Cataldo v. U.S. Steel Corp.,* 676 F.3d 542, 547 (6th Cir. 2012) (citing *Jones v. Bock,* 549 U.S. 199, 215 (2007)). Here, there is no dispute that the Loan closing occurred on April 28, 2006. Compl. 32, ECF No. 1. Even if Plaintiffs were not provided with all required disclosures at the Loan

closing, they only had until April 28, 2009, to seek rescission of the Loan. *Stallman*, 2011 U.S. Dist. LEXIS 9516, at *4. Likewise, Plaintiffs had until April 28, 2007, to bring any claim for damages arising out of the Loan under TILA. *Thien*, 671 F. Supp. 2d at 953.

Plaintiffs initiated this case on August 15, 2019, anywhere from ten to twelve years past the statute of limitations for a TILA claim. The Court therefore finds that Plaintiffs' claim seeking rescission of the Loan or damages under TILA is time barred.

## C. Failure to State a Claim

Defendants argue that all of Plaintiffs' remaining claims should be dismissed for failure to state a claim upon which relief can be granted. Each of those claims are discussed below.

### 1. Unjust Enrichment

Defendants argue, and the Court agrees, that Plaintiffs' unjust enrichment claim fail because quasi-contractual claims, such as unjust enrichment, are unavailable when a contract exists. *See Gascho v. Glob. Fitness Holdings*, LLC, 863 F. Supp. 2d 677, 679 (S.D. Ohio 2012) (Ohio law does not permit a party to seek to recover under a theory of unjust enrichment when a contract governs the relationship between the parties.). Plaintiffs appear to allege that Defendants collected payments from Plaintiffs when they did not have the authority to do so. However, it is undisputed that the Note and Mortgage are contracts between the

parties in this case and therefore govern the parties' relationship. Accordingly, Plaintiffs' claim for unjust enrichment is dismissed.

### 2. Fair Credit Extension Uniformity Act

The FCEUA is a Pennsylvania statute barring unfair or deceptive acts or practices regarding the collection of debts. 73 P.S. § 2270.3. However, it is only applicable to Pennsylvania residents. Plaintiffs' Complaint clearly states that they are residents of Franklin County, Ohio. Therefore, Plaintiff's FCEUA claim must be dismissed.

### 3. Fair Debt Collection Practices Act

The FDCPA regulates the conduct of debt collectors. A "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692(a).

Plaintiffs have failed to allege that any of the Defendants were debt collectors. Plaintiffs generally allege that Defendants violated the FDCPA "by falsely representing the character, amount and/or legal status . . . in connection with the collection of the LIBERTY MORTGAGE COMPANY INC. account . . . by attempting to collect an amount (including interest, fees and charges) not expressly authorized by any agreement . . . or permitted by law." Compl. ¶¶ 66–70, ECF No. 1.

Plaintiffs, however, fail to allege the specific debt collection activity that purportedly violates the FDCPA, which Defendants allegedly performed the activity, or when the activity occurred. Accordingly, Plaintiffs claim for violation of the FDCPA is dismissed.

### 4.    Lack of Standing/Wrongful Foreclosure Claim

Defendants argue, and the Court agrees, that Ohio law does not recognize a claim for wrongful foreclosure. *See Ogle v. BAC Home Loans Servicing LP*, 924 F. Supp. 2d 902, 914 (S.D. Ohio 2013) ("'Wrongful foreclosure' in Ohio 'describes not a discrete claim with specific elements but a collection of challenges to a foreclosure action.'").

To the extent Plaintiffs are challenging Defendants standing to proceed with the foreclosure action against them, that is a necessary claim that must be, and in fact has been, raised in the Foreclosure Action. (*See* Case No. 2:18-cv-1035, *Ocwen Loan Servicing, LLC v. Benny Smith, et al*.). Accordingly, Plaintiff's claims for lack of standing/wrongful foreclosure are hereby dismissed.

### 5.    Quiet Title

Under Ohio law, quiet title actions may proceed if intended to remove a "cloud" over the title. Plaintiffs assert that Defendants "claims [sic] an interest and estate in Real Property adverse to Plaintiffs in that Defendants' [sic] asserts [sic] to be the owner of Tangible Note secured by the Deed of Trust to the Real

Property," and these claims constitute a cloud on Plaintiffs' title to the Real

Property." Compl. ¶¶ 88, 90, ECF No. 1.

The court in *Bank of N.Y. Mellon Trust Co., N.A. v. Unger*, 8th Dist.

Cuyahoga No. 97315, 2012-Ohio-1950 (May 3, 2012), considered similar

arguments by the defendants who sought to set aside their mortgage

assignments, but the court held they were unable to do so under an action to

quiet title pursuant to Ohio Revised Code § 5303.01. The court explained:

> The Ungers voluntarily signed the mortgage, and agreed to a lien on
> their property as security for repayment of the note. . . . A mortgage
> is nothing more than a lien on the premises, the purpose of which is
> to put other lien holders on notice that there is a prior claim on the
> premises. The mortgage is not a 'cloud' on the Ungers' title, and
> neither are the mortgage assignments.

*Id*. at ¶ 37. In this case, Plaintiffs, like the defendants in *Unger*, admit to

voluntarily signing the Note and Mortgage. Compl. ¶¶ 31–32, ECF No. 1. Ohio

law is clear that challenges to the mortgage assignments and a validly executed

mortgage do not give rise to a quiet title action. Accordingly, Plaintiffs' claim for

quiet title must be dismissed.

### 6. Fraud Claims

Plaintiffs allege in Counts 7 and 8 fraudulent concealment and fraudulent

inducement. In Count 7, Plaintiff allege that

> Defendants concealed the fact that the Loans were securitized as well
> as the terms of the Securitization Agreements, including, inter alia: (1)
> Financial Incentives paid; (2) existence of Credit Enhancement
> Agreements, and (3) existence of Acquisition Provisions. By
> concealing the securitization, Defendants concealed the fact that

Borrower's loan changed in character inasmuch as no single party would hold the Note but rather the Notes would be included in a pool with other notes, split into tranches, and multiple investors would effectively buy shares of the income stream from the loans. Changing the character of the loan in this way had a materially negative effect on Plaintiffs that was known by Defendant but not disclosed.

Compl. ¶ 101, ECF No. 1.

In Count 8, Plaintiffs allege:

Defendants, intentionally misrepresented to Plaintiffs those Defendants were entitled to exercise the power of sale provision contained in the Mortgage/Deed of Trust. In fact, Defendants were not entitled to do so and have no legal, equitable, or actual beneficial interest whatsoever in the Property.

Defendants misrepresented that they are the "holder and owner" of the Note and the beneficiary of the Mortgage/Deed of Trust. However, this was not true and was a misrepresentation of material fact. Documents state that the original lender allegedly sold the mortgage loan to GINNIE MAE REMIC TRUST 2006-023 Trust. Defendants were attempting to collect on a debt to which they have no legal, equitable, or pecuniary interest in [sic].

Compl. ¶¶ 110–11, ECF No. 1.

To maintain a claim for fraud, Plaintiffs must allege:

(1) a representation or, where there is a duty to disclose, concealment of a fact, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying upon it, (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately caused by the reliance.

*Unencumbered Assets Trust v. JP Morgan Chase Bank (In re Nat'l Century Fin.*

*Enters.),* 604 F. Supp. 2d 1128, 1149 (S.D. Ohio 2009) (citing *Russ v. TRW, Inc.*,

59 Ohio St.3d 42, 49 (1991)). Further, Rule 9(b) of the Federal Rules of Civil

Procedure requires fraud claims to be pled with particularity. In order to meet this particularity requirement, the Sixth Circuit has held that "a party must (1) specify the time, place and content of the alleged misrepresentation, (2) identify the fraudulent scheme and the fraudulent intent of the defendant and (3) describe the injury resulting from the fraud." *Bd. of Trs. v. Bright St., LLC*, No. 3:16-cv-481, 2018 U.S. Dist. LEXIS 162031, at *8 (S.D. Ohio Sept. 20, 2018) (citing *U.S. ex rel. SNAPP, Inc. v. Ford Motor Co.*, 532 F.3d 496, 504 (6th Cir. 2008)).

Plaintiffs' fraud claims fail to set forth the necessary factual allegations with particularity. The Complaint does not contain the specific representations made to Plaintiffs, who purportedly made such representations, how Plaintiffs relied on those representations, or what injury Plaintiffs incurred. There are no allegations about how each specific Defendant was involved in the alleged fraud. Additionally, Plaintiffs' allegations are inconsistent with the Loan documents attached to Plaintiffs' Complaint and previously challenged in the foreclosure proceeding. Plaintiffs allege that "Defendants are fraudulently foreclosing on the Property which [sic] they have no monetary or pecuniary interest." Compl. ¶ 111, ECF No. 1. However, not only do the Loan documents show that Defendants have acted properly, but the challenge to Ocwen's standing to foreclose on the Property has already been raised in the Foreclosure Action. Accordingly, Plaintiffs' claims for fraudulent concealment and fraudulent inducement fail.

### 7. Breach of Contract Claims

In Counts 9 and 10, Plaintiffs bring claims for unconscionable contract and breach of contract. Plaintiffs generally allege that Defendants "forced, tricked, and mislead" Plaintiffs into parting with their property. Plaintiffs further allege that Defendants breached the Mortgage because they did not release the lien on the Property as required in paragraph 23 of the Mortgage. Compl. ¶¶ 118, 127, ECF No. 1.

In order to state a viable breach of contract claim under Ohio law, Plaintiffs must establish (1) that a contract exists, (2) that the Plaintiffs fulfilled their obligations, (3) that Defendants failed to fulfill their obligations, and (4) that damages resulted from this failure. *Williams v. Richland Cty. Children Servs.*, 861 F. Supp. 2d 874, 885 (N.D. Ohio 2011). In order to state a claim for breach of contract:

> a plaintiff must identify the specific contract language whereby the defendant assumed a legally-enforceable obligation to the plaintiff. This is not a heightened pleading requirement, but rather a stricter enforcement of the requirement of Federal Rule of Civil Procedure 8(a)(2) that a pleading not merely allege, but rather affirmatively show that the pleader is entitled to relief. A plaintiff's failure to identify any contract language that would support the existence of his claimed contractual rights against a defendant is a failure to show that the plaintiff is entitled to relief.

*GKP, LLC v. Wells Fargo & Co.*, No. 1:13 CV 01482, 2013 U.S. Dist. LEXIS 136433, at *3 (N.D. Ohio Sept. 24, 2013) (internal citations and quotations omitted).

Plaintiffs' claim for breach of contract fails. There is no paragraph 23 of the Mortgage as alleged by Plaintiffs. To the extent Plaintiffs are referencing paragraph 19 of the Mortgage, that provision states, in pertinent part, that "[u]pon payment of all sums secured by this Security Instrument, Lender shall discharge the Security Instrument without charge to Borrower. Borrower shall pay any recordation costs." Mortgage ¶ 19, ECF No. 1-2. Plaintiffs assert that Liberty sold its interest in Plaintiffs' property but failed to release the security instrument, thus breaching the terms of the Mortgage. Compl. ¶¶ 127–129, ECF No. 1. However, as set forth above, the terms of the Mortgage authorized the originating lender to sell the Mortgage, which is exactly what happened here. Therefore, Plaintiffs have failed to sufficiently plead a breach of contract claim.

Plaintiffs have also failed to state a claim for unconscionability.[2] Plaintiffs assert that if they knew the Loan was going to be transferred to a third party, they would not have entered into the agreement. The language of the Mortgage, which Plaintiffs executed, authorizes the originating lender to sell or assign its rights in the Mortgage Loan as happened here:

> The covenants and agreements of this Security Instrument shall bind
> and benefit the successors and assigns of Lender and borrower,
> subject to the provisions of paragraph 9(b). * * *

---

[2] Defendants also assert that Plaintiffs' claim for unconscionability is untimely. Plaintiffs signed the Loan in 2006 but didn't file this Complaint until 2019. The Court agrees that the claims are time-barred.

Mortgage ¶ 12, ECF No. 1-2. Plaintiffs' own documents establish that they signed the Mortgage acknowledging the possibility of the sale of the Mortgage. Defendants argue, and the Court agrees, that simply because the originating lender, Liberty, sold the Loan to a third party does not alleviate Plaintiffs of their responsibilities under the Loan. Accordingly, Plaintiffs have failed to set forth a claim for unconscionability.

### 8. Intentional and Negligent Infliction of Emotional Distress

In Count 12, Plaintiffs allege Defendants acted negligently and intentionally in selling the Note, causing them emotional distress. Specifically, Plaintiffs state "the conduct of LIBERTY MORTGAGE COMPANY INC. was done negligently and intentionally and in disregard for the rights of Plaintiffs . . ." Compl. ¶ 137, ECF No. 1.

To assert a claim for intentional infliction of emotion distress, a plaintiff must allege the following:

> (1) the defendant intended to cause emotional distress, or knew or should have known that his actions would result in serious emotional distress; (2) the defendant's conduct was so extreme and outrageous that it went beyond all possible bounds of decency and can be considered completely intolerable in a civilized community; (3) the defendant's actions proximately caused psychological injury to the plaintiff; and (4) the plaintiff suffered serious mental anguish of a nature no reasonable person could be expected to endure.

*Jones v. Option One Mortg. Corp.*, 466 F. App'x 449, 454 (6th Cir. 2012) (citing *Eblin v. Corr. Med. Ctr.*, 158 Ohio App.3d 801, 2004-Ohio-5547, 822 N.E.2d 814, ¶ 19 (10th Dist.)). "Whether conduct is 'extreme and outrageous' is initially a

question of law for the court." *Morrow v. Reminger & Reminger Co., LPA*, 183 Ohio App.3d 40, 2009-Ohio-2665, 915 N.E.2d 696, ¶ 48 (10th Dist.) (citing *Bell v. Ohio State Bd. of Trustees*, 10th Dist. No. 06AP-1174, 2007 Ohio App. LEXIS 2542, **17–18 (June 7, 2007)).

Plaintiffs' Complaint does not allege any of the aforementioned elements to maintain a claim for either intentional or negligent infliction of emotional distress. Merely stating that Defendants' conduct was negligent and intentional is insufficient. Plaintiffs do not state what the specific conduct was and how it caused emotional distress. Accordingly, Plaintiffs' claims for negligent and intentional infliction of emotional distress are dismissed for failure to state a claim upon which relief can be granted.

### 9. RICO Claim

In Count 13, Plaintiffs allege that Defendants "devised a scheme to defraud and obtain money by means of fraudulent pretenses by selling or assigning a debt that they no longer owned to the GINNIE MAE REMIC TRUST 2006-023, and then misrepresenting its ownership of the debt while still collecting on such debts in its own name without actual ownership." Compl. ¶ 144, ECF No. 1. Plaintiffs further allege that "Defendants have attempted to extort Plaintiffs by threatening to foreclose on the subject property." *Id.* ¶ 147. Defendants move to dismiss Plaintiffs' claim for violations of RICO because they are predicated on the transfers and assignments of the Loan.

To sufficiently plead a RICO claim, a plaintiff must plead the following elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985). "Racketeering activity," "pattern of racketeering activity," and "enterprise" are defined under the RICO Act. "Racketeering activity" means any of a number of listed acts or threats that are independently prohibited under state or federal law; including: mail and wire fraud, extortion, theft of trade secrets, interstate transport of stolen property, and receipt of stolen goods. *See* 18 U.S.C. § 1961(1). A "pattern of racketeering activity," in turn, "requires at least two acts of racketeering activity" occurring within specified time limits. *Id.* § 1961(5). And "'enterprise' includes any individual partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." *Id.* § 1961(4). A plaintiff's failure to plead any of the elements necessary to establish a RICO violation results in a defective complaint which cannot withstand a motion to dismiss for failure to state a claim. *Cf. Van Dorn Co. Cent. States Can. Co. Div. v. Howington*, 623 F. Supp. 1548 (N.D. Ohio 1985).

Here, Plaintiffs claim that all Defendants committed the predicate acts of mail fraud, wire fraud, bank fraud and extortion. Compl. ¶ 145, ECF No. 1. In order to establish the predicate acts of mail or wire fraud, Plaintiffs must allege: "(1) a scheme to defraud; and (2) use of either the mails or wire transmissions in

furtherance of the scheme." *Arnold v. Alphatec Spine, Inc.*, No. 1:13-cv-714, 2014 WL 2896838, at *11 (S.D. Ohio June 26, 2014).  A wire fraud offense consists of the following three elements: "(1) that the defendant devised or willfully participated in a scheme to defraud; (2) that he used or caused to be used an interstate wire communication in furtherance of the scheme; and (3) that he intended to deprive a victim of money or property." *United States v. Cunningham*, 679 F.3d 355, 370 (6th Cir. 2012) (citations and internal quotations omitted).  "Mail fraud and wire fraud statutes have essentially the same elements, except for the use of the mails versus the wires." *United States v. Kennedy*, 714 F.3d 951, 958 (6th Cir. 2013) (citations omitted).  Additionally, when the predicate act alleged is a fraud-based offense, the "racketeering activity" must be pled with sufficient particularity.  *Brown v. Cassens Transp. Co.*, 546 F.3d 347, 365 n.4 (6th Cir. 2008).  "In order to allege fraud with particularity, the plaintiffs, at a minimum, must allege the time, place, and content of the alleged misrepresentation . . .; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 402 (6th Cir. 2012) (quoting *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 643 (6th Cir. 2003)) (internal quotation marks omitted).

Plaintiffs have failed to plead their RICO claim with particularity.  Plaintiffs have failed to state which Defendant is responsible for what alleged act, how

each defendant was guilty of the named offense, or the time, place, and content of the alleged misrepresentations. In short, Plaintiffs' allegations have lumped all Defendants together for the purpose of alleging liability which is directly opposed to what is required to successfully plead a RICO claim.

Additionally, as set forth above, any challenge by Plaintiffs to the transfers and assignments of the Loan documents must have been raised in the foreclosure proceeding. To the extent they have already been raised, Plaintiffs are estopped from bringing such challenges again in this case.

Accordingly, Plaintiffs' RICO claim must be dismissed.

## IV. CONCLUSION

For all these reasons, Defendants' Motions to Dismiss are **GRANTED**. All of Plaintiffs' claims against all Defendants in this case are hereby dismissed for failure to state a claim upon which relief can be granted. This includes all non-moving Defendants who have not properly been served as Plaintiffs have failed to sufficiently plead any claims against any of the Defendants.

Additionally, Plaintiffs have filed an Affidavit for default, ECF No. 24, and Notice of proposed temporary restraining order, ECF No. 28, which are both **DENIED AS MOOT**.

The Clerk is directed to **REMOVE** documents 22 and 31 from the Court's pending motions list. The Clerk is further directed to enter final judgment in favor of Defendants and **TERMINATE** this case.

The Court previously entered final judgment in Case No. 2:18-cv-1035, *Ocwen Loan Servicing, LLC v. Benny Smith, et al.*, permitting Ocwen to proceed with the foreclosure of the Trent Road property.  No further actions attempting to collaterally attack the foreclosure will be accepted by this Court.  Any future filings by Plaintiffs regarding this property may only be filed after seeking leave of Court.

**IT IS SO ORDERED.**

   */s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**